IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> $104,160.00 IN UNITED STATES ) <br> CURRENCY, ) <br> ) <br> Defendant. ) <br> ) | 8:08CV463 <br><br> MEMORANDUM AND ORDER |

This matter is before the court pursuant to claimants Brontelle Mosley and Nola Mease Mosley's request for attorney fees. Filing No. 28. The government has not responded to this request. On or about August 28, 2008, law enforcement seized $104,160.00 from the claimants alleging the money was traceable to a controlled substance. The court conducted a trial and determined the government had not met its burden and ordered the return of the money to the claimants. Thereafter, the court issued a written Memorandum and Order and Judgment to that effect. Filing Nos. 29 and 30.

Pursuant to 28 U.S.C. § 2465, the Civil Asset Forfeiture Reform Act, claimants whose property is wrongfully seized are entitled to attorney fees, costs, and interest. Section 2465 provides:

> (a) Upon the entry of a judgment for the claimant in any proceeding to condemn or forfeit property seized or arrested under any provision of Federal law—
>
> > (1) such property shall be returned forthwith to the claimant or his agent; and
>
> > (2) if it appears that there was reasonable cause for the seizure or arrest, the court shall cause a proper certificate thereof to be entered and, in such case, neither the person who made the seizure or arrest

> nor the prosecutor shall be liable to suit or judgment on account of such suit or prosecution, nor shall the claimant be entitled to costs, except as provided in subsection (b).
>
> (b) (1) Except as provided in paragraph (2), in any civil proceeding to forfeit property under any provision of Federal law in which the claimant substantially prevails, the United States shall be liable for—
>
> > (A) reasonable attorney fees and other litigation costs reasonably incurred by the claimant;
> >
> > (B) post-judgment interest, as set forth in section 1961 of this title; and
> >
> > (C) in cases involving currency, other negotiable instruments, or the proceeds of an interlocutory sale—
> >
> > > (i) interest actually paid to the United States from the date of seizure or arrest of the property that resulted from the investment of the property in an interest-bearing account or instrument; and
> > >
> > > (ii) an imputed amount of interest that such currency, instruments, or proceeds would have earned at the rate applicable to the 30-day Treasury Bill, for any period during which no interest was paid (not including any period when the property reasonably was in use as evidence in an official proceeding or in conducting scientific tests for the purpose of collecting evidence), commencing 15 days after the property was seized by a Federal law enforcement agency, or was turned over to a Federal law enforcement agency by a State or local law enforcement agency.

Claimants entered into a contingency fee agreement with counsel wherein they would pay counsel 35% of the amount recovered. Claimants signed a contingency fee agreement in this case, and counsel requests fees pursuant to this agreement. Filing No. 28, Exs. 151 and 152. Counsel requests $36,456.00 as a result of the fee agreement. Contingency fees in forfeiture cases have been acknowledged in this jurisdiction. *See United States v. $20,000.00 in U.S. Currency*, 2008 WL 824281 (D. Neb. March 18, 2008). Counsel asks, in the alternative, that the court award him $200.00 per hour for an award

of at least $15,200.00. (*See* billing statement, Filling No. 28, Ex. 150.) Counsel also asks for litigation costs in the amount of $295.25; actual interest, if any, pursuant to 28 U.S.C. § 2465(b)(I)(C)(I); and pre-judgment interest in the amount of $42.69. Filing No. 28, Ex. 150.

The court finds the claimants have substantially prevailed in this action. The seizure by the government of the $104,160.00 was not supported by probable cause, and the court ordered return of all the money to the claimants. Thus, claimants achieved complete success. The court will apply the lodestar method in awarding fees in this case. The court finds the greater weight of authority generally applies this lodestar method. The court believes an award based on the hourly amount and the hours incurred more than fairly compensates counsel in this case.

The hourly rate requested by counsel, an experienced attorney, is reasonable in this locality. *See Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (lodestar method entails multiplying number of hours by reasonable hourly rate). The court has carefully reviewed the billing statement and finds the charges incurred in this case are reasonable. *See Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir. 2005). Counsel expended 76 hours times a rate of $200.00 per hour for a total of $15,200.00. Filing No. 28, Ex. 150. The court will award this amount to counsel in this case.

THEREFORE, IT IS ORDERED:

1. Attorney fees are granted to the claimants in the amount of $15,200.00.

2. Costs are awarded to the claimants in the amount of $295.25.

3. Claimants are awarded any actual interest accrued on the $104,160.00 at issue in this case.

4. Claimants are awarded $42.69 in prejudgment interest.

DATED this 17th day of November, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

4